**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0573, <u>Petition of Holly Cadwallader</u>, the court on September 13, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Holly Cadwallader, challenges a decision of the Administrative Appeals Unit (AAU) of the New Hampshire Department of Health and Human Services (department) denying her application for benefits under the Medicaid for Employed Adults with Disabilities (MEAD) program. We construe her brief to contend that: (1) the analysis applicable to applications for benefits under Aid to the Permanently and Totally Disabled should have been applied to her application; and (2) she was entitled to benefits under MEAD because she was employed part-time and had received vocational rehabilitation services for more than nine years.

The only judicial review of a fair hearings decision issued by the department is by petition for a writ of certiorari. <u>Petition of Sawyer</u>, 170 N.H. 197, 202 (2017). Review on certiorari is an extraordinary remedy, usually available only in the absence of a right to appeal, and only at the discretion of the court. <u>Petition of Chase Home for Children</u>, 155 N.H. 528, 532 (2007). Our review of an agency decision on a petition for writ of certiorari entails examining whether the agency "acted illegally with respect to jurisdiction, authority or observance of the law or has unsustainably exercised its discretion or acted arbitrarily, unreasonably or capriciously." <u>Id</u>. "We exercise our power to grant such writs sparingly and only where to do otherwise would result in substantial injustice." <u>Id</u>.

As the party bringing this petition for a writ of certiorari, the petitioner has the burden of demonstrating that the AAU "acted illegally with respect to jurisdiction, authority or observance of the law or has unsustainably exercised its discretion or acted arbitrarily, unreasonably or capriciously." <u>Id</u>.; <u>see</u> <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the AAU's well-reasoned decision, the petitioner's challenges to it, the relevant law, and the

record submitted on appeal, we conclude that the petitioner has not met that burden.  See Gallo, 166 N.H. at 740.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**